RECEIVED & FILED
Friday, 23 September, 2016  01:10:4? PM
Clerk, U.S. District Court, ILCD
SEP 23 2016
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

THOMAS M. CONSIDINE,        )
                           )
     Plaintiff              )
                           )
     vs.                    )        Case No. 4:16-CV-4146
                           )        (The case number will be assigned by the clerk)
DR. WILLIAM RANKIN          )
TINA JEPSEN                 )
_____       )
_____       )
_____       )
_____       )
_____       )
_____ ,     )
                           )
     Defendant(s)           )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

Amended

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑  42 U.S.C. §1983 (state, county or municipal defendants)

☐  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐  Other federal law: _____

☐  Unknown _____

———————————

***Please refer to the instructions when filling out this complaint.** Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

# II. PARTIES

A. Plaintiff:

Full Name: THOMAS MICHAEL CONSIDINE

Prison Identification Number: M40565

Current address: EMCC / 100 HILLCREST ROAD

EAST MOLINE, ILLINOIS 61244

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: DR. WILLIAM RANKIN

Current Job Title: MEDICAL DIRECTOR

Current Work Address EMCC / 100 HILLCREST ROAD

EAST MOLINE, ILLINOIS 61244

Defendant #2:

Full Name: TINA JEPSEN

Current Job Title: HEALTH CARE ADMINISTRATOR

Current Work Address EMCC / 100 HILLCREST ROAD

EAST MOLINE, ILLINOIS 61244

Defendant #3:

Full Name: N/A

2

Current Job Title:   N/A

Current Work Address   N/A


Defendant #4:

Full Name:   N/A

Current Job Title:   N/A

Current Work Address   N/A


Defendant #5:

Full Name:   N/A

Current Job Title:   N/A

Current Work Address   N/A


*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal <u>in forma pauperis</u> in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?       Yes  ☐         No  ☑

If yes, please describe   N/A


B.  Have you brought any other lawsuits in federal court while incarcerated?

Yes  ☐         No  ☑

3

C. If your answer to B is yes, how many? ___ℝ___ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
   ___N / A___

2. Basic claim made ___N / A___

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still

pending?) ___N / A___

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☑ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☑ No ☐

If your answer is no, explain why not ___N / A___

C. Is the grievance process completed? Yes ☑ No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _EAST MOLINE CORRECTIONAL CENTER_

Date(s) of the occurrence _9/21/15 - 3/31/16 - 4/4/16 - 4/25/16_

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS UNDER 28 U.S.C. SECTION 1367.

2. PLAINTIFF THOMAS M. CONSIDINE USED THE OFFENDERS GRIEVANCE PROCEDURE AVAILABLE AT EAST MOLINE CORRECTIONAL CENTER TO TRY AND SOLVE THE PROBLEM. ON THE DATES OF 9/21/15 AND 3/31/16 PLAINTIFF THOMAS M. CONSIDINE PRESENTED THE FACTS RELATING TO THIS COMPLAINT. ON THE DATE OF 5/12/16 PLAINTIFF WAS SENT A RESPONSE SAYING THAT THE GRIEVANCE'S HAD BEEN DENIED.

3. DEFENDANT DR. WILLIAM RANKIN IS THE MEDICAL DIRECTOR OF EAST MOLINE CORRECTIONAL CENTER. HE IS LEGALLY RESPONSIBLE FOR THE CARE AND TREAMENT OF EAST MOLINE CORRECTIONAL CENTER AND ALL THE INMATES IN THAT PRISON.

4. DEFENDANT TINA JEPSEN IS THE HEALTH CARE UNIT ADMINISTRATOR OF EAST MOLINE CORRECTIONAL CENTER. SHE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION FOR THE HEALTH CARE OF EAST MOLINE CORRECTIONAL CENTER AND FOR THE WELFARE OF ALL THE INMATES IN THAT PRISON.

5. ON THE DATE OF 9/21/15 PLAINTIFF THOMAS M. CONSIDINE WAS EVAULUATED BY NURSE PRACTITIONER MARY B. WELLS WHILE UNDER THE SUPERVISION OF DEFENDANT DR. WILLIAM RANKIN. THE CAUSE FOR THIS MEDICAL EVAULUATION WAS FOR LEFT KNEE PAIN.

6. ON THE DATE OF 3/14/16 PLAINTIFF THOMAS M. CONSIDINE WAS EVAULUATED IN NURSE SICK CALL BY NURSE JILL MEERSMEN FOR COMPLAINTS OF LEFT LEG PAIN. PLAINTIFF WAS REFERRED TO DEFENDANT DR. WILLIAM RANKIN'S MEDICAL LINE.

7. THE FOLLOWING DAY OF 3/15/16 AT APPROXIMATELY 1:30 PM PLAINTIFF THOMAS M. CONSIDINE WAS PHYSICALLY UNABLE TO WALK. PLAINTIFF REQUESTED ASSISTANCE FROM FELLOW INMATE TOMMY ELI WHO THEN NOTIFIED CORRECTIONAL OFFICER RANDY SHUEY. PLAINTIFF THOMAS M. CONSIDINE WAS TRANSPORTED BY I.D.O.C. VAN TO THE PRISON HEALTH CARE UNIT WERE PLAINTIFF WAS EVAULUATED BY DEFENDANT DR. WILLIAM RANKIN WITH LITTLE FINDINGS. PLAINTIFF THOMAS M. CONSIDINE WAS PLACED IN THE INFRIMARY FOR A 24 HOUR OBSERVATION.

8. AFTER PLAINTIFF THOMAS M. CONSIDINE WAS ADMINISTERED PAIN MEDICATION AND STEROIDS ON 3/17/16 PLAINTIFF WAS THEN DISCHARGED FROM THE INFRIMARY WITH WALKING CANE PER DEFENDANT DR. WILLIAM RANKIN'S ORDER.

9. THE FOLLOWING DAY OF 3/18/16 AN X·RAY WAS PERFORMED ON PLAINTIFF THOMAS M. CONSIDINE WHICH SHOWED NO EVIDENCE OF BONY FRACTURE OR DISLOCATION. DEFENDANT DR. WILLIAM RANKIN

CONTINUED THE PAIN MEDICATION "TRAMADOL" AND ORDERED A FOLLOW UP VISIT IN ONE WEEK.

10.
FOLLOWING TWO DAYS LATER ON 3/21/16 PLAINTIFF THOMAS M. CONSIDINE IS EVAULUATED BY NURSE PRACTITIONER MARY B. WELLS. NURSE PRACTITIONER MARY B. WELLS DIAGNOSES PLAINTIFF WITH "PIRIFORMIS SYNDROME". EDUCATION IS GIVEN TO PLAINTIFF ON HOW TO DEACTIVATE TRIGGER POINTS ON LEG, FOLLOW UP VISIT IN TWO WEEKS IS ORDERED.

11.
TWO WEEKS LATER ON 4/4/16 PLAINTIFF THOMAS M. CONSIDINE IS AGAIN EVAULUATED BY NURSE PRACTITIONER MARY B. WELLS. PLAINTIFF COMPLAINS OF NUMBNESS AND NO FEELING IN LEFT LEG. PLAINTIFF URGES TO BE HOUSED IN THE ADMINISTRATION BUILDING SO PLAINTIFF WILL BE ACCOMODATED FOR HIS DISABILITY. PLAINTIFFS REQUEST FOR ADA DISABILITY ACCOMODATION IS MOOT.

12.
AFTER PLAINTIFF THOMAS M. CONSIDINE SUBMITTED OFFENDERS GRIEVANCE THROUGH THE INSTITUTIONAL PROCEDURE; PLAINTIFF ALSO MADE NUMEROUS VERBAL PLEAS AND ATTEMPTS AS WELL AS WRITTEN REQUESTS DIRECTED TO THE HEALTH CARE UNIT, DEFENDANT TINA JEPSEN, AND EAST MOLINE CORRECTIONAL CENTER PLACEMENT OFFICER MS. SCOTT. ALL IN HOPES OF ADA DISABILITY ACCOMODATION WHICH WAS NONETHELESS UNSUCCESSFUL.

13. ON THE DATE OF 4/13/16 PLAINTIFF THOMAS M. CONSIDINE SOUGHT FAMILY MEMBER BY I.D.O.C. TELEPHONE INSTRUCTING THEM TO CONTACT EAST MOLINE CORRECTIONAL CENTER AND REQUEST TO SPEAK TO THE PLACEMENT OFFICER MS. SCOTT. ALL IN HOPES OF EQUITABLE HOUSING FOR PLAINTIFF THOMAS M. CONSIDINE. ATTEMPT MADE BY TELEPHONE WAS UNSUCCESSFUL AND PLAINTIFF THOMAS M. CONSIDINE WAS ISSUED AN INMATE DISCIPLINARY REPORT.

14. UNDER INFORMATION AND BELEIF PLAINTIFF THOMAS M. CONSIDINE TRULY BELEIVES THAT THE INMATE DISCIPLINARY REPORT ISSUED WAS A BARBAROUS ACT OF RETALIATION FOR RAISING THE ENTITLED ISSUES ABOVE TO AN OUTSIDE THIRD PARTY.

15. FOLLOWING THESE EVENTS MENTIONED, PLAINTIFF THOMAS M. CONSIDINE WAS INFACT INFORMED AT THE MEDICATION WINDOW THAT THE PAIN MEDICATION "TRAMADOL" ORDERED BY DEFENDANT DR. WILLIAM RANKIN HAD BEEN DISCONTINUED FOR REASONS UNKNOWN ON THE DATE OF 4/22/16.

16. AFTER TWO DAYS OF HARDSHIP AND DEPRIVATION OF PAIN MEDICATION, ON THE DATE OF 4/25/16 APPROXIMATELY 12:00 PM PLAINTIFF THOMAS M. CONSIDINE WAS EATING LUNCH IN THE INMATE DINING HALL OF THE PRISON DIETARY WHEN THE PLAINTIFF ROSE FROM THE TABLE TO EXIT, TAKING A FEW STEPS THE PLAINTIFFS LEG COMPLETLY GAVE OUT AND BUCKELED CAUSING PLAINTIFF THOMAS M. CONSIDINE TO

swiftly and violently fall to the floor striking his head on a window ledge with sudden impact resulting in grievous bodily harm incapacitating the plaintiff.

17. Lieutenant McCray of East Moline Correctional Center witnessed this catastrophe and radioed in a Code-3 (Medical Emergency). After medical staff arrived on scene plaintiff Thomas M. Considine was then transported by wheelchair to the Health Care Unit.

18. Plaintiff Thomas M. Considine realleges and incorporates by reference paragraphs 1 - 17.

19. The deliberate indifference to medical needs, passive negligence violated Thomas M. Considine's rights and constituted due process clause violation under the Fourteenth Amendment, including cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

20. Under color of state law defendant Dr. William Rankin, and defendant Tina Jepsen owed the plaintiff Thomas M. Considine a legal duty of care by

EXERCISING COMPETENT MEDICAL PRACTICE PERTAINING TO THE PLAINTIFFS PHYSICAL DISABILITY.

21.    DEFENDANT DR. WILLIAM RANKIN, AND DEFENDANT TINA JEPSEN ACTED UNREASONABLE BY NEGLECTING PLAINTIFF THOMAS M. CONSIDINE'S OBVIOUS MEDICAL CONDITION AND REFUSING PLAINTIFFS ADA DISABILITY ACCOMODATION.

22.    BOTH DEFENDANT(S) DR. WILLIAM RANKIN, AND TINA JEPSEN'S CARELESSNESS DIRECTLY CAUSED THE PLAINTIFF THOMAS M. CONSIDINE HARM BY FAILING TO EXERCISE DUE DILIGENCE, WHICH RESULTED THE PLAINTIFF GRIEVOUS BODILY HARM FOR WHICH EACH DEFENDANT IS LIABLE.

23. PLAINTIFF THOMAS M. CONSIDINE HAS SUFFERED PERSONAL INJURIES FROM DEFENDANT DR. WILLIAM RANKIN, AND DEFENDANT TINA JEPSEN'S NEGLIGENT CONDUCT WHICH AS WELL CAUSED PSYCHOLOGICAL DISTRESS RELATING TO PLANTIFFS MEDICAL DEFICIT.

24. THE PLAINTIFF THOMAS M. CONSIDINE HAS NO PLAIN, OR ADEQUATE, OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS AND WILL

CONTINUE TO BE SUBJECTED TO IRREPARABLE PAIN AND SUFFERING BY THE CONDUCT OF DEFENDANT DR. WILLIAM RANKIN, AND DEFENDANT TINA JEPSEN UNLESS THIS COURT GRANTS THE COMPENSATORY AND PUNITIVE DAMAGES RELIEF WHICH PLAINTIFF SEEKS FOR THE CLEAR MEDICAL DEFICIT THE PLAINTIFF WILL NOW FACE.

IN THE ABOVE ENTITLED CASE, PLAINTIFF THOMAS M. CONSIDINE RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $750,000.00 AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY. PUNITIVE DAMAGES IN THE AMOUNT OF $150,000.00 AGAINST EACH DEFENDANT IN HIS OR HER OWN OFFICIAL CAPACITY. PLAINTIFFS COSTS IN THIS SUIT AND ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

JURY DEMAND          Yes ☑          No ☐

Signed this __20TH__ day of __SEPTEMBER__, 20 _16_.

_Th. M. C_

( Signature of Plaintiff)

| Name of Plaintiff: THOMAS MICHAEL CONSIDINE | Inmate Identification Number: M40565 |
|---|---|
| Address: EAST MOLINE CORRECTIONAL CENTER  100 HILLCREST ROAD  EAST MOLINE, ILLINOIS 61244 | Telephone Number: (309) 755 - 4511 |

# EAST MOLINE CORRECTIONAL CENTER

## MEDICAL RESTRICTION SLIP

Offender Name: _Considine, Thomas_ IDOC#: _M40505_

Living Unit: _12_      Date: _10/29/14_

The above named offender is to be on the following restrictions, per orders from Dr. Rankin.

Effective Dates: _10/29/14_ to _indefinite_

The restrictions are as follows:

•Bottom Bunk: _X_      •Elevator Pass: _____      •Crutches: _____      •Cane: _____

•House in Admin Building: _____      •No Lifting Over: _____      •No Gym _____

•No Run Sports: _____      •No Repetitive Bending, Twisting, Lifting: _____

•Extra Blanket: _____      •Unassigned : _____      •Unassigned – Clerk/Clerical Only: _____

•Meals in HCU: _____

Other:
_____
_____
_____
_____

_____
William Rankin, M.D.
Medical Director

CC: Offender
    Dorm Officer
    Assignment Officer (IF APPLICABLE)
    Property Officer (IF APPLICABLE)

# EAST MOLINE CORRECTIONAL CENTER

## MEDICAL RESTRICTION SLIP

Offender Name: Consedre, Thomas DOC#: M40565

Living Unit: HU3      Date: 3/17/16

The above named offender is to be on the following restrictions, per orders from Dr. Rankin.

Effective Dates: 3/17/16 to 3/25/16

The restrictions are as follows:

• Bottom Bunk: X    • Elevator Pass: X    • Crutches: _____     • Cane: X

• House in Admin Building: _____    • No Lifting Over: _____    • No Gym _____

• No Run Sports: _____      • No Repetitive Bending, Twisting, Lifting: _____

• Extra Blanket: _____   • Unassigned : _____ • Unassigned – Clerk/Clerical Only: _____

• Meals in HCU: _____

Other:

_____

_____

_____

_____

William Rankin, M.D.
Medical Director

CC: Offender
    Dorm Officer
     Assignment Officer (IF APPLICABLE)
     Property Officer (IF APPLICABLE)

# EAST MOLINE CORRECTIONAL CENTER

## MEDICAL RESTRICTION SLIP

Offender Name: _Considine Thomas_ IDOC#: _M40565_

Living Unit: _HU3_　　　　Date: _4/4/16_

The above named offender is to be on the following restrictions, per orders from Dr. Rankin.

Effective Dates: _4/4/16_ to _5/5/16_

The restrictions are as follows:

• Bottom Bunk: _X_　• Elevator Pass: _X_　• Crutches: _____　• Cane: _X_

• House in Admin Building: _____　• No Lifting Over: _____　• No Gym _____

• No Run Sports: _____　• No Repetitive Bending, Twisting, Lifting: _____

• Extra Blanket: _____　• Unassigned: _____　• Unassigned – Clerk/Clerical Only: _____

• Meals in HCU: _____

Other:

_____
_____
_____
_____

_M. B. Wells AGNP-C_
William Rankin, M.D.
Medical Director

CC: Offender
　　Dorm Officer
　　Assignment Officer (IF APPLICABLE)
　　Property Officer (IF APPLICABLE)

**EXHIBIT: D**

Considine, Thomas          M40565

Offender Name: _Considine, Thomas_   IDOC#: _M 40565_

Living Unit: _3/4_          Date: _6/10/16_

**The above named offender is to be on the following restrictions, per orders from medical.**

Effective Dates: _6/10/16_ to _7/13/16_

The restrictions are as follows:

•Bottom Bunk: _X_   •Elevator Pass: _X_   •Crutches: _____ •Cane: _X_

•House in Admin Building: _____   •No Lifting Over: _____   •No Gym _____

•No Run Sports: _____   •No Repetitive Bending, Twisting, Lifting: _____

•Extra Blanket: _____   •Unassigned : _____ •Unassigned – Clerk/Clerical Only: _____

•Meals in HCU: _X_

Other:

_____

_____

_____

_____

William Rankin, M.D.
Medical Director

Distribution:  Offender
              Dorm Officer
              Assignment Officer
              Property Officer

Page 1 of 1
Printed on Recycled Paper

EMO 0104 (Rev. 02/2016)

# EXHIBIT: E

**Illinois Department of Corrections**
## MEDICAL RESTRICTION SLIP
### East Moline Correctional Center

Offender Name: _Considine, Thomas_ IDOC#: _M40505_

Living Unit: _Dorm 3_     Date: _7/8/16_

## The above named offender is to be on the following restrictions, per orders from medical.

Effective Dates: _7/8/16_ to _9/8/16_

The restrictions are as follows:

• Bottom Bunk: ☒     • Elevator Pass: ☒     • Crutches: _____ • Cane: ☒

• House in Admin Building: _____     • No Lifting Over: _____     • No Gym _____

• No Run Sports: _____     • No Repetitive Bending, Twisting, Lifting: _____

• Extra Blanket: _____     • Unassigned: _____ • Unassigned – Clerk/Clerical Only: _____

• Meals in HCU: ☒

Other:

_____
_____
_____
_____

_____
William Rankin, M.D.
Medical Director

Distribution: Offender
            Dorm Officer
            Assignment Officer
            Property Officer

Page 1 of 1
Printed on Recycled Paper

EMO 0104 (Rev. 02/2016)

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Request

Offender Name: CONSIDINE, THOMAS  ID #: M40565 Living Unit: HU-3-05

Job Assignment: _____  Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: PLACEMENT OFFICE - ATTN: MRS. SCOTT

I request ☐ interview ☒ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☐ other (specify) I HAVE A CURRENT

for the purpose of (explain): INJURY THAT PERMITS ME THE USE OF A CANE. THIS INJURY IS CHRONIC AND HAS WELL EXCEEDED 30 DAYS. THE DISTANCE FROM HU-3 TO THE ADMIN BUILDING IS TO FAR FOR ME TO WALK FOR DAILY MED-LINE. PLEASE HOUSE ME IN THE ADMIN BUILDING SO IT'S EASIER TO GET MY MEDICATION.

_____  4/9/16  THANK YOU!
Offender's Signature        Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): See doctor for housing restriction

Remarks by supervisor (if necessary): _____

Lt. Werdach  04-12-16
Print Staff Name
Staff Signature  Date

Print Supervisor Name
Supervisor Signature  Date

Distribution: Affected Unit

*Printed on Recycled Paper*

DOC 0286 (Rev. 4/2010)

---

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Request

Offender Name: CONSIDINE, THOMAS  ID #: M40565 Living Unit: HU-3-05

Job Assignment: _____  Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: HEALTH CARE UNIT

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify) DR. APPOINTMENT

for the purpose of (explain): PLEASE SCHEDULE ME AN EARLIER FOLLOW UP WITH DR. W. RANKIN AS SOON AS POSSIBLE PLEASE. THANK YOU

_____  4/11/16
Offender's Signature        Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): You are scheduled to see Dr on 5/4/16 - As evaluation or if you need to be seen sooner - Sign up for Sick Call to be re-evaluated

Remarks by supervisor (if necessary): _____

_____  4/12/16
Print Staff Name
Staff Signature  Date

Print Supervisor Name
Supervisor Signature  Date

Distribution: Affected Unit

*Printed on Recycled Paper*

DOC 0286 (Rev. 4/2010)

**EXHIBIT: G**

## Offender Request

Offender Name: CONSIDINE, THOMAS    ID #: M+05505    Living Unit: HU-3-05

Job Assignment: _____    Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: HEALTH CARE UNIT — ATTN: TINA JEPSEN HCUA

I request ☐ interview ☒ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☐ other (specify) I HAVE A CURRENT

for the purpose of (explain): INJURY THAT PERMITS ME THE USE OF A CANE. THIS INJURY IS CHRONIC AND HAS WELL EXCEEDED 30 DAYS. THE DISTANCE FROM HU-3 TO THE ADMIN BUILDING IS TO FAR FOR ME TO WALK FOR DAILY MED-LINE. PLEASE HOUSE ME IN THE ADMIN BUILDING SO IT'S EASIER TO GET MY MEDICATION.

_____    4 / 9 / 16    THANK YOU!
Offender's Signature                 Date

---

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): _____

Print Staff Name

Staff Signature            Date

Remarks by supervisor (if necessary): The Nurse Practitioner stated in your 4/4/16 visit that walking daily to med line & back would be good & therapeutic for you. Thank you, 4/11/16

Print Supervisor Name

Supervisor Signature    Tina Jepsen HCUA    Date

Distribution: Affected Unit

Printed on Recycled Paper

DOC 0286 (Rev. 4/2010)

**EXHIBIT: H**

STATE OF ILLINOIS      )
                        ) ss
COUNTY OF ROCK ISLAND )

## S W O R N   A F F I D A V I T

I, __Tommy Eli #K54486__, after being duly sworn upon oath depose and states that the following matters are both true and correct in substance and in facts:

    On the date of March 15th, 2016 in the early afternoon about 1:30 p.m. my peer who is also an inmate at East Moline Correctional Center, Thomas M. Considine #M40565 requested that I help and assist him to walk to notify correctional officer, Mr. Shuey. That inmate Considine was unable to walk and complained of leg pain and stated "my left leg is numb, hold me up".

    As I helped inmate Considine to the officer's desk, he leaned up against a wall to support himself from falling over, I hurried up and grabbed a chair for him to sit down in. Moments later Lt. Holm arrived to housing unit 3 where a correctional van came to transport inmate Considine to the medical building.

    This event occured the day after inmate Considine confided to me that his leg was causing him pain and that he had been seen for sick call by a nurse.

So stated: ___Tom Eli___ K54486

SUBSCRIBED AND SWORN BEFORE ME this 19 day of July, 2016.

"OFFICIAL SEAL"
JOSHUA BAKER
Notary Public, State of Illinois
My Commission Expires 05/10/2020

NOTARY PUBLIC

# EXHIBIT: I

Incident Number: _____

Type of Incident: _____

*I the answer is yes to any of the following questions, explain in narrative below:*

Facility/Program: EAST MOLINE CORRECTIONAL CENTER   Date of Incident: 4-25-16   Time of Incident: Approx 1210   ☐ am ☑ pm

| | | | | | |
|---|---|---|---|---|---|
| Was a Weapon Involved: | ☐ YES | ■ NO | Were Restraints / Force Used: | ☐ YES | ■ NO |
| Was Property Damaged: | ☐ YES | ■ NO | Were Chemical Agents or OC Used: | ☐ YES | ■ NO |
| Were Arrests Made: | ☐ YES | ■ NO | Appr. Unit and/or Law Enf. Agency Notified: | ☐ YES | ■ NO |
| Were there Media Inquiries: | ☐ YES | ■ NO | Any Injuries / Hospitalizations: | ■ YES | ☐ NO |

### Offenders / Staff Involved:

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| CONSIDINE | M40565 | MCCRAN, J   LT. | |
| GRABERT, R | C/N I | CHRISTOPHERSON   MAJ. | |
| GARZA, M | D.D.N. | | |

### Witnesses to Incident:

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| | | | |
| | | | |

### Statement of Facts: (NARRATIVE)

On the above date and approx time this RN along with DON Garza responded to a Code 3 in dietary. Upon arrival offender Considine M40565 was sitting on the floor propped up against the window ledge. He stated his (R) leg gave out. Vitals were obtained and offender Considine M40565 was transferred via wheelchair to medical where he will be further evaluated and treated per DR Ramlin and medical staff per protocol. EOR

Copy to HCU

Reporting Employee (Print)   Reporting Employee Signature   Date / Time: 4/25/16 1231h   Person Accepting Report   Date / Time: 5-2-16 3⁰⁰

Administrative Assessment: _____

Chief Administrative Officer: _____   Date / Time: 5/31/16 100 pm

**EXHIBIT: J**

## Incident Report

Incident Number: _____

Type of Incident: _____

If the answer is yes to any of the following questions, explain in narrative below:

Facility/Program: _East Moline CC_       Date of Incident: _4-25-16_       Time of Incident: _1155_ ☒am ☐pm

| | | | | | |
|---|---|---|---|---|---|
| Was a Weapon Involved: | ☐ YES | ☒ NO | Were Restraints / Force Used: | ☐ YES | ☒ NO |
| Was Property Damaged: | ☐ YES | ☒ NO | Were Chemical Agents or OC Used: | ☐ YES | ☒ NO |
| Were Arrests Made: | ☐ YES | ☒ NO | Appr. Unit and/or Law Enf. Agency Notified: | ☐ YES | ☒ NO |
| Were there Media Inquiries: | ☐ YES | ☒ NO | Any Injuries / Hospitalizations: | ☒ YES | ☐ NO |

Offenders / Staff Involved:

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| Considine | M40565 | | |

Witnesses to Incident:

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| | | | |

Statement of Facts: (NARRATIVE)

On the above date and approx. time this R/Lt. called a
Code 3 on I/m Considine (M40565) in Dietary. I/m Considine
stood up from his table and took a couple steps when his leg
gave out on him. I/m Considine fell on his right side and
hit his head on the wall. I/m Considine was taken to
medical and evaluated. FOR 8M

24-hr lay IR0

Copy to HCUA + DON

| | | | |
|---|---|---|---|
| Reporting Employee (Print) | Reporting Employee Signature | 4-25-16 / 135 PM Date / Time | 4-25-16 / 100 |
| | | Person Accepting Report | Date / Time |

Administrative Assessment:

Chief Administrative Officer                Date / Time: _4/26/16 1632_